## JOHN HUGHES *vs.* WAMSUTTA MILLS.

An arrest, conviction and imprisonment for crime will exonerate a workman from the duty of giving to his employers two weeks' notice before leaving their service, under a contract by the terms of which he has agreed to give such notice, or not claim any wages due.

CONTRACT brought to recover for work done by the plaintiff for the defendants.

At the trial in the superior court, before *Morton*, J., the defendants admitted that work was done by the plaintiff for them to the amount alleged, but proved that he was to give two weeks' notice before leaving, or not claim any wages due ; that he gave no notice at all before leaving, but was arrested by an officer on a warrant for adultery, tried and convicted, and was now in jail under sentence ; and that the injury to the defendants from the want of notice was more than the amount claimed for his work. These facts were not contested, and the judge instructed the jury to find for the plaintiff, which they did, and the case was reported for the determination of this court.

*T. M. Stetson*, for the defendants, cited *Fuller* v. *Brown*, 11 Met. 440 ; *Noon* v. *Salisbury Mills*, 3 Allen, 340 ; *Bee Printing Co.* v. *Hichborn*, 4 Allen, 63 ; *Smith* v. *Treat*, Daveis, 273.

*L. T. Willcox*, for the plaintiff.

BIGELOW, C. J. The question at issue between the parties to this suit depends entirely on the construction of the contract under which the plaintiff was employed. This, we think, is misapprehended by the counsel for the defendants. The interpretation which he seeks to put on the stipulation that the plaintiff was to receive no wages if he left the defendants' service without giving two weeks' previous notice of his intention so to do, is inconsistent with the terms of the stipulation, and too narrow to be a fair or reasonable exposition of the intention of the parties. The stipulation clearly had reference only to a voluntary abandonment of the defendants' employment, and not one caused *vi majore*, whether by the visitation of God or other controlling circumstances. Clearly the abandonment must have

been such that the plaintiff could have foreseen it; he could give notice only of such departure as he could anticipate, and the stipulation that he was to have the privilege of leaving after giving two weeks' notice without forfeiting his wages implied that the forfeiture was to take place only when it would be within his power to give the requisite notice. It certainly cannot be contended that the stipulation was absolute; that he was to receive no wages in case of leaving without notice, whatever may have been the cause of his abandonment of the service. It is settled that absence from sickness or other visitation of God would not work a forfeiture of wages under such a contract. *Fuller* v. *Brown*, 11 Met. 440. *Pari ratione*, any abandonment caused by unforeseen circumstances or events, and which at the time of their occurrence the person employed could not control or prevent from operating to terminate his employment, ought not to operate to cause a forfeiture of wages.

It may be said that in the case at bar the commission of the offence for which the plaintiff was arrested was his voluntary act, and that the consequences which followed after it and led to his compulsory departure from the defendants' service are therefore to be regarded as bringing this case within the category of a voluntary abandonment of his employment. But the difficulty with this argument is, that it confounds remote with proximate causes. The same argument might be used in case of inability to continue in service occasioned by sickness or severe bodily injury. It might be shown in such a case that some voluntary act of imprudence or carelessness led directly to the physical consequences which disabled a party from continuing his service under a contract. The true and reasonable rule of interpretation to be applied to such contracts is this. To work a forfeiture of wages, the abandonment of the employer's service must be the direct, voluntary act, or the natural and necessary consequence of some voluntary act of the person employed, or the result of some act committed by him with a design to terminate the contract or employment, or render its further prosecution impossible. But a forfeiture of wages is not incurred where the abandonment is immediately caused by acts

or occurrences not foreseen or anticipated, over which the person employed had no control, and the natural and necessary consequence of which was not to cause the termination of the employment of a party under a contract for services or labor.

It results from these views that the plaintiff has not forfeited his wages by any breach of his contract, and that he is entitled to recover the full amount due to him for services, without any deduction for damages alleged to have been suffered by the defendants in consequence of his sudden departure from their employment.                    *Judgment on the verdict.*